UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CAROLYN EPTER and BILL EPTER,

           Plaintiff,

-against-

HYATT INTERNATIONAL CORP.,

           Defendants.

-----------------------------------------------------------------x

JUDGE BRIEANT

07 CIV 3781

COMPLAINT

PLAINTIFFS DEMAND
TRIAL BY JURY

      Plaintiffs, as and for a Complaint, by and through their attorneys, the law firm of Eric H. Green, respectfully plead as follows:

      1. That plaintiffs Carolyn Epter and Bill Epter are natural persons, and reside at 15 Neustadt Lane, Chappaqua, New York 10514

      2. Upon information and belief, that defendant Hyatt International Corp., is a Delaware corporation, with its principal place of business located at 200 West Madison Street, Chicago, Illinois 60606.

      3. That the jurisdiction of this court is based upon diversity of citizenship, pursuant to Title 28, United States Code, section 1332.

      4. That venue is properly placed in the Southern District of New York, pursuant to Title 28, United States Code, section 1391, which is where plaintiffs reside, and where defendant advertises, solicits business, and does business.

      5 That defendant owns, operates, manages and controls many hotels throughout the United States of America.

      6. That defendant owns the Hyatt Regency Jersey City on the Hudson, located at

2 Exchange Place, Jersey City, New Jersey.

    7. That defendant operates said Hyatt Regency Jersey City on the Hudson.

    8. That defendant manages said Hyatt Regency Jersey City on the Hudson.

    9. That defendant controls said Hyatt Regency Jersey City on the Hudson.

## FIRST CLAIM FOR RELIEF

    10. That on September 30, 2006, plaintiff Carolyn Epter was lawfully on the premises of the said Hyatt Regency Jersey City on the Hudson, attending a wedding and reception.

    11. That on said date and at such place aforesaid, plaintiff Carolyn Epter was caused to fall due to an uneven, sloped surface, that had a foreign substance thereon, that was unprotected from debris and other foreign elements, and defendant was otherwise negligent.

    12. That defendant had actual and/or constructive notice of said defective conditions, and failed to remedy same.

    13. That defendant actually created said defective conditions.

    14. That defendant failed to warn plaintiff and other persons of said defective conditions, through the placement of warning signs, cones, barricades, or similar devices.

    15. That plaintiff Carolyn Epter sustained serious and grievous personal injuries.

## SECOND CLAIM FOR RELIEF

    16. That plaintiffs repeat and reiterate paras. 1-15 above.

    17. That plaintiff Bob Epter is the spouse of Carolyn Epter.

    18. That plaintiff Bob Epter has suffered a loss of services.

<u>AD DAMNUM</u>

WHEREFORE, plaintiff Carolyn Epter demands $2 million in compensatory damages on the first claim for relief; plaintiff Bob Epter demands $250,000.00 in compensatory damages on the second claim for relief; and this court should award costs and disbursements, and such other and further relief as to the court seems just and proper.

Dated: May 8, 2007

                                  Respectfully,

                                  ERIC H. GREEN
                                  Attorneys for plaintiffs

                                  By: _____
                                       Elliot B. Pasik (ebp 1521)
                                  295 Madison Avenue
                                  New York, New York 10017
                                  (212) 532-2450

<u>PLAINTIFFS DEMAND TRIAL BY JURY</u>