UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CAROLYN EPTER and BILL EPTER,                 07 Civ. 3781 (CLB)(GAY)

      Plaintiffs,           **ANSWER TO THE SECOND**
                            **AMENDED COMPLAINT**
 -against-

HYATT CORPORATION,

      Defendant.
------------------------------------X

  Defendant, **HYATT CORPORATION**, by its attorneys, JONES HIRSCH CONNORS & BULL P.C., as and for its Answer to plaintiffs' Second Amended Complaint alleges as follows:

  FIRST: Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "1".

  SECOND: Denies the allegations contained in paragraph "2" in the form alleged, but admits that defendant **HYATT CORPORATION**'s principal place of business is 71 S. Wacker Drive, Chicago, Illinois.

  THIRD: Denies the allegations contained in paragraph "3" in the form alleged and respectfully refers all questions of law to the Honorable Justice presiding at the trial of this lawsuit.

FOURTH:  Denies the allegations contained in paragraph "4" in the form alleged and respectfully refers all questions of law to the Honorable Justice presiding at the trial of this lawsuit.

FIFTH:  Denies the allegations contained in paragraph "5" in the form alleged.

SIXTH:  Denies, upon information and belief, the allegations contained in paragraph designated "6".

SEVENTH:  Admits the allegations contained in paragraph designated "7".

EIGHTH:  Admits the allegations contained in paragraph designated "8".

NINTH:  Denies the allegations contained in paragraph "9" in the form alleged.

### AS AND FOR ITS ANSWER TO THE FIRST CAUSE OF ACTION

TENTH:  Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "10".

- 3 -

ELEVENTH: Denies, upon information and belief, the allegations contained in paragraph designated "11".

TWELFTH: Denies, upon information and belief, the allegations contained in paragraph designated "12".

THIRTEENTH: Denies, upon information and belief, the allegations contained in paragraph designated "13".

FOURTEENTH: Denies, upon information and belief, the allegations contained in paragraph designated "14".

FIFTEENTH: Denies, upon information and belief, the allegations contained in paragraph designated "15".

SIXTEENTH: Denies, upon information and belief, the allegations contained in paragraph designated "16".

SEVENTEENTH: Denies, upon information and belief, the allegations contained in paragraph designated "17".

## AS AND FOR ITS ANSWER
## TO THE SECOND CAUSE OF ACTION

EIGHTEENTH:   The defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "17" with the same force and effect as though fully set forth herein in response to paragraph "18".

NINETEENTH:   Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "19".

TWENTIETH:   Denies, upon information and belief, the allegations contained in paragraph designated "20".

## AS AND FOR A FIRST, SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE, THIS
## ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-FIRST:   That the damages allegedly suffered by the injured plaintiff were caused in whole or in part by the culpable conduct of the injured plaintiff herself.  The plaintiff's claim is therefore barred or diminished in the

proportion that such culpable conduct of the injured plaintiff bears to the total culpable conduct causing the damages.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-SECOND: The injured plaintiff, if he may have sustained any injuries at the time and place, and upon the occasion mentioned in the Second Amended Complaint, assumed the risk of sustaining same under the conditions and circumstances then existing and obvious.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-THIRD: That any liability to the plaintiffs is limited by the provisions of Article 16 of the CPLR.

### AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-FOURTH: In the event plaintiffs recover a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR §4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiffs in whole or in part, for any past future claimed economic loss, from any collateral source such as

insurance, social security, Workers' Compensation or employee benefit programs.

### AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-FIFTH:  The negligent acts set forth in plaintiffs' Second Amended Complaint were committed by third parties over which this answering defendant had no control or right of control.

### AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-SIXTH:  Upon information and belief, the law of the State of New Jersey may be applicable to portions of the within action.

### AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-SEVENTH:   Plaintiffs have failed to join as parties one or more persons or entities needed for just and complete adjudication of the matters in controversy.

### AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-EIGHTH: The answering defendant did not create any defect and/or unsafe condition on the property at issue.

### AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-NINTH: the answering defendant did not have actual or constructive notice of any defect and/or unsafe condition on the property at issue.

### AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTIETH: To the extent that the answering defendant is deemed to have actual knowledge of any defect and/or unsafe condition on the property, which the answering defendant expressly denies, the answering defendant acted reasonably under all the circumstances with respect to any such defense and/or unsafe condition.

### AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTY-FIRST: To the extent that the answering defendant is found to have actual or constructive notice of any defect or unsafe condition on the property at issue, that the answering defendant did not have the opportunity prior to the time of plaintiff's claimed injuries to remediate or ameliorate any such defect and/or unsafe condition on the property in question before plaintiff's claimed injuries occurred.

### AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTY-SECOND: The conditions at and around the property at issue about which plaintiff complains, constituted open and obvious hazards against which the answering defendant had no duty to warn.

### AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTY-THIRD: Any injuries and/or damages complained of were caused by the unforeseeable, intervening, and/or superseding acts of third parties who were not under the care,

custody, control, or supervision of any of the answering defendant and, therefore, none of the answering defendants can be held liable for plaintiff's alleged injuries and/or damages.

**WHEREFORE**, defendant, **HYATT CORPORATION**, demands judgment dismissing the plaintiffs' Second Amended Complaint against it, together with the costs and disbursements of this action, and for any expenses incurred by it in the defense thereof, including attorneys' fees actually expended.

Dated:   New York, New York
         September 19, 2007

                                    JONES HIRSCH CONNORS & BULL P.C.

                            By:     _____
                                    James P. Connors, Esq. (JPC-5421)
                                    Attorneys for Defendant
                                    **HYATT CORPORATION**
                                    One Battery Park Plaza
                                    New York, New York  10004
                                    (212) 527-1000

TO:   **ERIC H. GREEN**
      Attorneys for Plaintiffs
      295 Madison Avenue
      New York, New York  10017
      (212) 532-2450


705231

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

DEBBIE SCHLOTTMAN, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in Dutchess County, New York.

On the 25th day of September, 2007, deponent served the within: **ANSWER TO THE SECOND AMENDED COMPLAINT** UPON:

ERIC H. GREEN
Attorneys for Plaintiffs
295 Madison Avenue
New York, New York 10017
(212) 532-2450

at the addresse(s) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
DEBBIE SCHLOTTMAN

Sworn to before me this
25th day of September, 2007

_____
Notary Public

DEBORAH McINTOSH-GEORGE
Notary Public, State of New York
No. 01MC5060400
Qualified in Kings County
Commission Expires 5-20-2010

E3866-705253.1