AO 441 (Rev. 5/85)   Third Party Summons in a Civil Action

# United States District Court

SOUTHERN ———————————— DISTRICT OF ___NEW YORK___

PLAINTIFF S

CAROLYN EPTER and BILL EPTER

## THIRD PARTY SUMMONS IN A CIVIL ACTION

V. DEFENDANT AND THIRD PARTY PLAINTIFF

HYATT CORPORATION

CASE NUMBER: 07 Civ. 3781 (CLB)  (GAY)

V. THIRD PARTY DEFENDANT

YIPEE, INC.

To: (Name and Address of Third Party Defendant)

YIPEE, INC.
133 Chartwell Court                    And
Rochester, New York  14618

9 Desbrasses Street
Suite 519
New York, New York  10013

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

ERIC H. GREEN, ESQ.
295 Madison Avenue
New York, New York  10017
(212) 532-2450

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address)

JONES HIRSCH CONNORS & BULL P.C.
One Battery Park Plaza
New York, New York  10004
(212) 527-1000

an answer to the third-party complaint which is herewith served upon you within _____ days after the service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint. There is also served upon you herewith a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against *you* in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.

J. MICHAEL McMAHON

MAR 0 5 2008

CLERK

DATE

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

CAROLYN EPTER and BILL EPTER

                   Plaintiff,           07 Civ. 3781 (CLB) (GAY)

          -against-               **THIRD-PARTY COMPLAINT**

HYATT CORPORATION,

                  Defendant.
-----------------------------------X
HYATT CORPORATION,             Third-Party Index No.:

          Third-Party Plaintiff,

          -against-

YIPEE, INC.,

          Third-Party Defendant.

-----------------------------------X

**C O U N S E L:**

    Defendant/third-party plaintiff, HYATT CORPORATION, by its

attorneys, JONES HIRSCH CONNORS & BULL P.C., complaining of the

third-party defendant, YIPEE, INC., alleges upon information and

belief as follows:

    1.    That at all times hereinafter mentioned, the

defendant/third-party plaintiff, HYATT CORPORATION, was and is a

foreign corporation, licensed to conduct business in the State

of New York.

2.    That at all times hereinafter mentioned, the third-party defendant, YIPEE, INC. was and is a Delaware Corporation licensed to conduct business in the State of New York.

3.    That at all times hereinafter mentioned, the third-party defendant, YIPEE, INC. is a legal entity doing business in the State of New York.

4.    That plaintiffs CAROLYN EPTER and BILL EPTER have commenced an action in United States District Court for the Southern District of New York against HYATT CORPORATION, seeking to recover for personal injuries allegedly sustained by CAROLYN EPTER on or about September 30, 2006 at the Hyatt Regency Jersey City on the Hudson.  BILL EPTER has set forth a claim for loss of services of his wife.  A copy of the Summons and Second Amended Complaint in said action is annexed hereto as Exhibit "A" and made a part hereof.  Defendant/third-party plaintiff HYATT CORPORATION begs leave to refer to the allegations contained therein for the purpose of this third-party action without admitting or conceding the truth of the allegations contained within the plaintiffs' Second Amended Complaint.

5.    That plaintiffs' Complaint alleges jurisdiction against HYATT CORPORATION based upon diversity of citizenship pursuant to Title 28, United States Code, Section 1332.

6.    Defendant/third-party plaintiff, HYATT CORPORATION, has denied all of the material allegations contained within plaintiffs' Complaint.  A copy of HYATT CORPORATION's Answer is annexed hereto as Exhibit "B" and is made a part hereof and incorporated by reference as if fully set forth at length herein.

7.    That prior to September 30, 2006, defendant/third-party plaintiff, HYATT CORPORATION entered into a written Agreement (hereinafter "Staff Servicing Agreement") with third-party defendant, YIPEE, INC. wherein third-party defendant, YIPEE, INC. agreed to provide professional hotel staffing in the form of professional event waitstaff, to HYATT CORPORATION.  A copy of said Staff Servicing Agreement is annexed hereto as Exhibit "C" and defendant/third-party plaintiff, HYATT CORPORATION incorporates by reference to provisions contained therein.

8.    That the aforementioned Staff Servicing Agreement, was in full force and effect as of September 30, 2006.

9.    That the third-party defendant, YIPEE, INC., provided staff pursuant to the Staff Servicing Agreement to HYATT CORPORATION at the Hyatt Regency Jersey City on the Hudson on September 30, 2006.

## AS AND FOR A FIRST CAUSE OF ACTION

10.   Defendant/third-party plaintiff, HYATT CORPORATION repeats and realleges the allegations set forth in paragraphs "1" through "9" as if set forth at length herein.

11.   That upon information and belief, the injuries allegedly sustained by plaintiff CAROL EPTER were sustained as a result of the negligence, omissions, recklessness and wrongful conduct of YIPEE, INC., its agents, servants and employees.

12.   That by reason of the foregoing, if plaintiffs were caused to sustain injury as alleged in plaintiffs' Complaint, then such was as a direct and sole result of the negligence, culpable conduct, recklessness and/or omissions of the third-party defendant, YIPEE, INC.

13.   That by reason of the foregoing, should any judgment be recovered against defendant/third-party plaintiff, HYATT CORPORATION by plaintiffs CAROLYN and BILL EPTER, then defendant/third-party plaintiff HYATT CORPORATION, is entitled to judgment over and against third-party defendant, YIPEE, INC. for the full amount thereof plus costs, disbursements and attorneys fees against third-party defendant YIPEE, INC. based upon theories of common-law indemnification and contribution.

-4-

## AS AND FOR A SECOND CAUSE OF ACTION

14.   Defendant/third-party plaintiff HYATT CORPORATION repeats and realleges the allegations set forth in paragraphs "1" through "13" as if set forth at length herein.

15.   That the aforementioned Staffing Service Agreement required third-party defendant, YIPEE, INC., to defend, indemnify and hold HYATT CORPORATION harmless from and against all actions, costs claims, expenses, etc., arising out of or in any way relating to or incidental to the performance of the services to be performed by YIPEE, INC. or the presence of YIPEE, INC., its agents, servants and employees at the hotel.

16.   That upon information and belief, the injuries allegedly sustained by the plaintiffs as set forth in plaintiffs' Second Amended Complaint were sustained as a result of the performance of the services and/or presence of YIPEE, INC., its agents, servants and employees pursuant to the aforementioned Staffing Service Agreement.

17.   That by reason of the foregoing, defendant/third-party plaintiff HYATT CORPORATION is entitled to contractual indemnification over and against third-party defendant YIPEE, INC.

18.    That by reason of the foregoing, should the judgment be recovered by plaintiffs against defendant/third-party plaintiff HYATT CORPORATION in the within action, then HYATT CORPORATION is entitled to judgment over for the full amount thereof plus costs, disbursements and attorney fees against the third-party defendant YIPEE, INC. based upon contractual indemnification provisions contained within the Staffing Service Agreement.

### AS AND FOR A THIRD CAUSE OF ACTION

19.    Defendant/third-party plaintiff HYATT CORPORATION repeats and realleges the allegations set forth in paragraphs "1" through "18" as if set forth at length herein.

20.    That pursuant to the aforementioned Staffing Service Agreement, third-party defendant YIPEE, INC. agreed to purchase Comprehensive General Liability Insurance naming HYATT CORPORATION as an additional insured on said policy.

21.    If plaintiffs sustained injuries and damages as alleged in plaintiffs Second Amended Complaint then such were sustained within the provision of the aforesaid Staffing Service Agreement and the terms and conditions provided for under the insurance obligations of third-party defendant YIPEE, INC.

-6-

22.   Upon information and belief, third-party defendant
YIPEE, INC. failed to procure insurance as required in the
aforementioned Staffing Service Agreement.

23.   That by reason of the foregoing, should any judgment
be recovered against defendant/third-party plaintiff HYATT
CORPORATION by plaintiffs CAROLYN and BILL EPTER, then
defendant/third-party plaintiff HYATT CORPORATION is entitled to
judgment over and against third-party defendant YIPEE, INC. for
the full amount thereof, plus costs, disbursements and attorneys
fees based upon third-party defendant YIPEE, INC.'s breach of
contract.

WHEREFORE, defendant/third-party plaintiff HYATT
CORPORATION demands judgment over and against third-party
defendant YIPEE, INC., for all sums that may be adjudged against
defendant/third-party plaintiff HYATT CORPORATION in favor of
plaintiffs, including costs, disbursements and attorneys fees
based upon common-law theories of indemnification and
contribution, contractual indemnification and breach of
contractual agreement to purchase insurance.

Dated:     New York, New York
           March 3, 2008

-7-

JONES HIRSCH CONNORS & BULL P.C.

By: _____
Kevin P. O'Keefe, Esq. (KPO-5158)
Attorneys for Defendant/
Third-Party Plaintiff
**HYATT CORPORATION**
One Battery Park Plaza
New York, New York  10004
(212) 527-1000


TO:  YIPEE, INC.
     133 Chartwell Court
     Rochester, New York  14618

          And

     9 Desbrasses Street
     Suite 519
     New York, New York  10013

     Hospitality Marketing Group
       d/b/a Yipee, Inc.
     35 Worth Street - 4th Floor
     New York, New York  10013

     ERIC H. GREEN, ESQ.
     Attorneys for Plaintiffs,
     295 Madison Avenue
     New York, New York  10017
     (212) 532-2450

**EXHIBIT A**

SEP/13/2007/THU 08:28 AM   JHCB F.C.            FAX No. 212 527 1 3            P. 010/016

SEP-12-2007  16:16      ERIC GREEN & ASSOCIATES                2125320117    P.002/008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CAROLYN EPTER and BILL EPTER,

                  Plaintiff,

        -against-

HYATT CORPORATION,

                Defendants.

-------------------------------------------------------------x

07 Civ. 3781 (CLB)(GAY)

SECOND
AMENDED
COMPLAINT

PLAINTIFFS DEMAND
TRIAL BY JURY

        Plaintiffs, as and for a Second Amended Complaint, by and through their attorneys, the law firm of Eric H. Green, respectfully plead as follows:

        1. That plaintiffs Carolyn Epter and Bill Epter are natural persons, and reside at 15 Neustadt Lane, Chappaqua, New York 10514

        2. Upon information and belief, that defendant Hyatt Corporation, is a Delaware corporation, with its principal place of business located at 200 West Madison Street, Chicago, Illinois 60606.

        3. That the jurisdiction of this court is based upon diversity of citizenship, pursuant to Title 28, United States Code, section 1332.

        4. That venue is properly placed in the Southern District of New York, pursuant to Title 28, United States Code, section 1391, which is where plaintiffs reside, and where defendant advertises, solicits business, and does business.

        5 That defendant owns, operates, manages and controls many hotels throughout the United States of America.

6.  That defendant owns the Hyatt Regency Jersey City on the Hudson, located at 2 Exchange Place, Jersey City, New Jersey.

7.  That defendant operates said Hyatt Regency Jersey City on the Hudson.

8.  That defendant manages said Hyatt Regency Jersey City on the Hudson.

9.  That defendant controls said Hyatt Regency Jersey City on the Hudson.

<u>FIRST CLAIM FOR RELIEF</u>

10.  That on September 30, 2006, plaintiff Carolyn Epter was lawfully on the premises of the said Hyatt Regency Jersey City on the Hudson, attending a wedding and reception.

11.  That on said date and at such place aforesaid, plaintiff Carolyn Epter was caused to fall due to an uneven, sloped surface, that had a foreign substance thereon, that was unprotected from debris and other foreign elements, and defendant was otherwise negligent.

12.  That defendant had actual and/or constructive notice of said defective conditions, and failed to remedy same.

13.  That defendant actually created said defective conditions.

14.  That defendant failed to warn plaintiff and other persons of said defective conditions, through the placement of warning signs, cones, barricades, or similar devices.

15.  That plaintiff Carolyn Epter sustained serious and grievous personal injuries.

16.  That this occurrence and the injuries sustained by the plaintiff were caused solely and wholly by the negligence of the defendant.

17.  That this action falls within one or more of the exceptions set forth in section 1602 of the New York Civil Practice Law & Rules.

## SECOND CLAIM FOR RELIEF

18. That plaintiffs repeat and reiterate paras. 1-17 above.

19. That plaintiff Bill Epter is the spouse of Carolyn Epter.

20. That plaintiff Bill Epter has suffered a loss of services.


## AD DAMNUM

WHEREFORE, plaintiff Carolyn Epter demands $2 million in compensatory damages on the first claim for relief; plaintiff Bill Epter demands $250,000.00 in compensatory damages on the second claim for relief; and this court should award costs and disbursements, and such other and further relief as to the court seems just and proper.


Dated: September 4, 2007

Respectfully,

ERIC H. GREEN
Attorneys for plaintiffs

By:
Elliot B. Pasik (ebp 1521)
295 Madison Avenue
New York, New York 10017
(212) 532-2450


## PLAINTIFFS DEMAND TRIAL BY JURY

**EXHIBIT B**

*C 700-15856*

*JPC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

CAROLYN EPTER and BILL EPTER,                    07 Civ. 3781 (CLB)(GAY)

                Plaintiffs,            **ANSWER TO THE SECOND**
                                 **AMENDED COMPLAINT**

      -against-

HYATT CORPORATION,

                Defendant.
----------------------------------X

    Defendant, **HYATT CORPORATION**, by its attorneys, JONES

HIRSCH CONNORS & BULL P.C., as and for its Answer to plaintiffs'

Second Amended Complaint alleges as follows:


    FIRST:    Denies having knowledge or information sufficient

to form a belief as to the allegations contained in paragraph

designated "1".


    SECOND:    Denies the allegations contained in paragraph "2"

in the form alleged, but admits that defendant **HYATT**

**CORPORATION**'s principal place of business is 71 S. Wacker Drive,

Chicago, Illinois.


    THIRD:    Denies the allegations contained in paragraph "3"

in the form alleged and respectfully refers all questions of law

to the Honorable Justice presiding at the trial of this lawsuit.

FOURTH:    Denies the allegations contained in paragraph "4" in the form alleged and respectfully refers all questions of law to the Honorable Justice presiding at the trial of this lawsuit.

FIFTH:    Denies the allegations contained in paragraph "5" in the form alleged.

SIXTH:    Denies, upon information and belief, the allegations contained in paragraph designated "6".

SEVENTH:  Admits the allegations contained in paragraph designated "7".

EIGHTH:    Admits the allegations contained in paragraph designated "8".

NINTH:    Denies the allegations contained in paragraph "9" in the form alleged.

## AS AND FOR ITS ANSWER
## TO THE FIRST CAUSE OF ACTION

TENTH:    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "10".

ELEVENTH: Denies, upon information and belief, the allegations contained in paragraph designated "11".

TWELFTH: Denies, upon information and belief, the allegations contained in paragraph designated "12".

THIRTEENTH:    Denies, upon information and belief, the allegations contained in paragraph designated "13".

FOURTEENTH:    Denies, upon information and belief, the allegations contained in paragraph designated "14".

FIFTEENTH:    Denies, upon information and belief, the allegations contained in paragraph designated "15".

SIXTEENTH:    Denies, upon information and belief, the allegations contained in paragraph designated "16".

SEVENTEENTH:    Denies, upon information and belief, the allegations contained in paragraph designated "17".

### AS AND FOR ITS ANSWER
### TO THE SECOND CAUSE OF ACTION

EIGHTEENTH:    The defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "17" with the same force and effect as though fully set forth herein in response to paragraph "18".

NINETEENTH:    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "19".

TWENTIETH:    Denies, upon information and belief, the allegations contained in paragraph designated "20".

### AS AND FOR A FIRST, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE, THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-FIRST:  That the damages allegedly suffered by the injured plaintiff were caused in whole or in part by the culpable conduct of the injured plaintiff herself.  The plaintiff's claim is therefore barred or diminished in the

- 4 -

proportion that such culpable conduct of the injured plaintiff
bears to the total culpable conduct causing the damages.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-SECOND: The injured plaintiff, if he may have
sustained any injuries at the time and place, and upon the
occasion mentioned in the Second Amended Complaint, assumed the
risk of sustaining same under the conditions and circumstances
then existing and obvious.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-THIRD:  That any liability to the plaintiffs is
limited by the provisions of Article 16 of the CPLR.

### AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-FOURTH: In the event plaintiffs recover a verdict or
judgment against this defendant, then said verdict or judgment
must be reduced pursuant to CPLR §4545(c) by those amounts which
have been or will, with reasonable certainty, replace or
indemnify plaintiffs in whole or in part, for any past future
claimed economic loss, from any collateral source such as

insurance, social security, Workers' Compensation or employee benefit programs.

### AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-FIFTH:  The negligent acts set forth in plaintiffs' Second Amended Complaint were committed by third parties over which this answering defendant had no control or right of control.

### AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-SIXTH:  Upon information and belief, the law of the State of New Jersey may be applicable to portions of the within action.

### AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-SEVENTH:   Plaintiffs have failed to join as parties one or more persons or entities needed for just and complete adjudication of the matters in controversy.

- 6 -

AS AND FOR AN EIGHTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-EIGHTH: The answering defendant did not create any defect and/or unsafe condition on the property at issue.

AS AND FOR A NINTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-NINTH: the answering defendant did not have actual or constructive notice of any defect and/or unsafe condition on the property at issue.

AS AND FOR A TENTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTIETH:    To the extent that the answering defendant is deemed to have actual knowledge of any defect and/or unsafe condition on the property, which the answering defendant expressly denies, the answering defendant acted reasonably under all the circumstances with respect to any such defense and/or unsafe condition.

AS AND FOR AN ELEVENTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTY-FIRST:  To the extent that the answering defendant is found to have actual or constructive notice of any defect or unsafe condition on the property at issue, that the answering defendant did not have the opportunity prior to the time of plaintiff's claimed injuries to remediate or ameliorate any such defect and/or unsafe condition on the property in question before plaintiff's claimed injuries occurred.

AS AND FOR A TWELFTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTY-SECOND: The conditions at and around the property at issue about which plaintiff complains, constituted open and obvious hazards against which the answering defendant had no duty to warn.

AS AND FOR A THIRTEENTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTY-THIRD:  Any injuries and/or damages complained of were caused by the unforeseeable, intervening, and/or superseding acts of third parties who were not under the care,

custody, control, or supervision of any of the answering

defendant and, therefore, none of the answering defendants can

be held liable for plaintiff's alleged injuries and/or damages.

WHEREFORE, defendant, **HYATT CORPORATION**, demands judgment

dismissing the plaintiffs' Second Amended Complaint against it,

together with the costs and disbursements of this action, and

for any expenses incurred by it in the defense thereof,

including attorneys' fees actually expended.

Dated:      New York, New York
            September 19, 2007

                              **JONES HIRSCH CONNORS & BULL P.C.**

                     By:

                              James P. Connors, Esq. (JPC-5421)
                              Attorneys for Defendant
                              **HYATT CORPORATION**
                              One Battery Park Plaza
                              New York, New York  10004
                              (212) 527-1000

TO:   **ERIC H. GREEN**
      Attorneys for Plaintiffs
      295 Madison Avenue
      New York, New York  10017
      (212) 532-2450

705231

- 9 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
CAROLYN EPTER AND BILL EPTER,                    Index No.: 07 CIV. 3781
                                                 (CLB)(GAY)
                         Plaintiffs,

             -against-

HYATT CORPORATION,

                         Defendant.
-------------------------------------X

### AND A THIRD-PARTY ACTION

### THIRD-PARTY SUMMONS and THIRD-PARTY COMPLAINT

**JONES HIRSCH CONNORS & BULL P.C.**
ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004
TELEPHONE (212) 527-1000
*Attorneys for Defendant*
HYATT CORPORATION