UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

**07 Civ. 3781 (CLB) (GAY)**

CAROLYN EPTER and BILL EPTER

                    Plaintiff,

              -against-

HYATT CORPORATION,

                    Defendant.
------------------------------------X

HYATT CORPORATION,                        Third-Party Index No.:

              Third-Party Plaintiff,

              -against-

YIPEEE, INC. and HOSPITALITY MARKETING
GROUP, LLC,

              Third-Party Defendants.

------------------------------------X

**C O U N S E L:**

    Defendant/third-party plaintiff, HYATT CORPORATION, by its
attorneys, JONES HIRSCH CONNORS & BULL P.C., complaining of the
third-party defendants, YIPEEE, INC. and HOSPITALITY MARKETING
GROUP, LLC, alleges upon information and belief as follows:

    1.   That at all times hereinafter mentioned, the
defendant/third-party plaintiff, HYATT CORPORATION, was and is a
foreign corporation, licensed to conduct business in the State
of New York.

2.    That at all times hereinafter mentioned, the third-party defendant, YIPEEE, INC. was and is a Delaware Corporation licensed to conduct business in the State of New York.

3.    That at all times hereinafter mentioned, the third-party defendant, YIPEEE, INC. is a legal entity doing business in the State of New York.

4.    That at all times hereinafter mentioned, the third-party defendant, HOSPITALITY MARKETING GROUP, LLC is a domestic corporation licensed to conduct business in the State of New York.

5.    That plaintiffs CAROLYN EPTER and BILL EPTER have commenced an action in United States District Court for the Southern District of New York against HYATT CORPORATION, seeking to recover for personal injuries allegedly sustained by CAROLYN EPTER on or about September 30, 2006 at the Hyatt Regency Jersey City on the Hudson.  BILL EPTER has set forth a claim for loss of services of his wife.  A copy of the Summons and Second Amended Complaint in said action is annexed hereto as Exhibit "A" and made a part hereof.  Defendant/third-party plaintiff HYATT CORPORATION begs leave to refer to the allegations contained therein for the purpose of this third-party action

-2-

without admitting or conceding the truth of the allegations contained within the plaintiffs' Second Amended Complaint.

6.     That plaintiffs' Complaint alleges jurisdiction against HYATT CORPORATION based upon diversity of citizenship pursuant to Title 28, United States Code, Section 1332.

7.     Defendant/third-party plaintiff, HYATT CORPORATION, has denied all of the material allegations contained within plaintiffs' Complaint. A copy of HYATT CORPORATION's Answer is annexed hereto as Exhibit "B" and is made a part hereof and incorporated by reference as if fully set forth at length herein.

8.     That prior to September 30, 2006, defendant/third-party plaintiff, HYATT CORPORATION entered into a written Agreement (hereinafter "Staffing Service Agreement") with third-party defendant, YIPEEE, INC. wherein third-party defendant, YIPEEE, INC. agreed to provide professional hotel staffing in the form of professional event waitstaff, to HYATT CORPORATION. A copy of said Staffing Service Agreement is annexed hereto as Exhibit "C" and defendant/third-party plaintiff, HYATT CORPORATION incorporates by reference to provisions contained therein.

-3-

9.    That prior to September 30, 2006, defendant/third-party plaintiff, HYATT CORPORATION entered into a written Agreement (hereinafter "Staffing Service Agreement") with third-party defendant, HOSPITALITY MARKETING GROUP, LLC wherein third-party defendant, HOSPITALITY MARKETING GROUP, LLC agreed to provide professional hotel staffing in the form of professional event waitstaff, to HYATT CORPORATION.  A copy of said Staffing Service Agreement is annexed hereto as Exhibit "C" and defendant/third-party plaintiff, HYATT CORPORATION incorporates by reference to provisions contained therein.

10.    That the aforementioned Staffing Service Agreement, was in full force and effect as of September 30, 2006.

11.    That the third-party defendant, YIPEEE, INC., provided staff pursuant to the Staffing Service Agreement to HYATT CORPORATION at the Hyatt Regency Jersey City on the Hudson on September 30, 2006.

12.    That the third-party defendant, HOSPITALITY MARKETING GROUP LLC, provided staff pursuant to the Staffing Service Agreement to HYATT CORPORATION at the Hyatt Regency Jersey City on the Hudson on September 30, 2006.

-4-

## AS AND FOR A FIRST CAUSE OF ACTION

13.    Defendant/third-party plaintiff, HYATT CORPORATION
repeats and realleges the allegations set forth in paragraphs
"1" through "12" as if set forth at length herein.

14.    That upon information and belief, the injuries
allegedly sustained by plaintiff CAROL EPTER were sustained as a
result of the negligence, omissions, recklessness and wrongful
conduct of YIPEEE, INC., its agents, servants and employees.

15.    That upon information and belief, the injuries
allegedly sustained by plaintiff CAROL EPTER were sustained as a
result of the negligence, omissions, recklessness and wrongful
conduct of HOSPITALITY MARKETING GROUP, LLC, its agents,
servants and employees.

16.    That by reason of the foregoing, if plaintiffs were
caused to sustain injury as alleged in plaintiffs' Complaint,
then such was as a direct and sole result of the negligence,
culpable conduct, recklessness and/or omissions of the third-
party defendant, YIPEEE, INC.

17.    That by reason of the foregoing, if plaintiffs were
caused to sustain injury as alleged in plaintiffs' Complaint,

-5-

then such was as a direct and sole result of the negligence, culpable conduct, recklessness and/or omissions of the third-party defendant, HOSPITALITY MARKETING GROUP, LLC.

18.  That by reason of the foregoing, should any judgment be recovered against defendant/third-party plaintiff, HYATT CORPORATION by plaintiffs CAROLYN and BILL EPTER, then defendant/third-party plaintiff HYATT CORPORATION, is entitled to judgment over and against third-party defendant, YIPEEE, INC. for the full amount thereof plus costs, disbursements and attorneys fees against third-party defendant YIPEEE, INC. based upon theories of common-law indemnification and contribution.

19.  That by reason of the foregoing, should any judgment be recovered against defendant/third-party plaintiff, HYATT CORPORATION by plaintiffs CAROLYN and BILL EPTER, then defendant/third-party plaintiff HYATT CORPORATION, is entitled to judgment over and against third-party defendant, HOSPITALITY MARKETING GROUP, LLC for the full amount thereof plus costs, disbursements and attorneys fees against third-party defendant HOSPITALITY MARKETING GROUP, LLC based upon theories of common-law indemnification and contribution.

-6-

## AS AND FOR A SECOND CAUSE OF ACTION

20.   Defendant/third-party plaintiff HYATT CORPORATION repeats and realleges the allegations set forth in paragraphs "1" through "19" as if set forth at length herein.

21.   That the aforementioned Staffing Service Agreement required third-party defendant, YIPEEE, INC., to defend, indemnify and hold HYATT CORPORATION harmless from and against all actions, costs claims, expenses, etc., arising out of or in any way relating to or incidental to the performance of the services to be performed by YIPEEE, INC. or the presence of YIPEEE, INC., its agents, servants and employees at the hotel.

22.   That the aforementioned Staffing Service Agreement required third-party defendant, HOSPITALITY MARKETING GROUP, LLC, to defend, indemnify and hold HYATT CORPORATION harmless from and against all actions, costs claims, expenses, etc., arising out of or in any way relating to or incidental to the performance of the services to be performed by HOSPITALITY MARKETING GROUP, LLC or the presence of HOSPITALITY MARKETING GROUP, LLC, its agents, servants and employees at the hotel.

23.   That upon information and belief, the injuries allegedly sustained by the plaintiffs as set forth in

-7-

plaintiffs' Second Amended Complaint were sustained as a result of the performance of the services and/or presence of YIPEEE, INC., its agents, servants and employees pursuant to the aforementioned Staffing Service Agreement.

24.    That upon information and belief, the injuries allegedly sustained by the plaintiffs as set forth in plaintiffs' Second Amended Complaint were sustained as a result of the performance of the services and/or presence of HOSPITALITY MARKETING GROUP, LLC, its agents, servants and employees pursuant to the aforementioned Staffing Service Agreement.

25.    That by reason of the foregoing, defendant/third-party plaintiff HYATT CORPORATION is entitled to contractual indemnification over and against third-party defendant YIPEEE, INC.

26.    That by reason of the foregoing, defendant/third-party plaintiff HYATT CORPORATION is entitled to contractual indemnification over and against third-party defendant HOSPITALITY MARKETING GROUP, LLC.

27.    That by reason of the foregoing, should the judgment be recovered by plaintiffs against defendant/third-party

-8-

plaintiff HYATT CORPORATION in the within action, then HYATT
CORPORATION is entitled to judgment over for the full amount
thereof plus costs, disbursements and attorney fees against the
third-party defendant YIPEEE, INC. based upon contractual
indemnification provisions contained within the Staffing Service
Agreement.

28.    That by reason of the foregoing, should the judgment
be recovered by plaintiffs against defendant/third-party
plaintiff HYATT CORPORATION in the within action, then HYATT
CORPORATION is entitled to judgment over for the full amount
thereof plus costs, disbursements and attorney fees against the
third-party defendant HOSPITALITY MARKETING GROUP, LLC based
upon contractual indemnification provisions contained within the
Staffing Service Agreement.

## AS AND FOR A THIRD CAUSE OF ACTION

29.    Defendant/third-party plaintiff HYATT CORPORATION
repeats and realleges the allegations set forth in paragraphs
"1" through "28" as if set forth at length herein.

30.    That pursuant to the aforementioned Staffing Service
Agreement, third-party defendant YIPEEE, INC. agreed to purchase

Comprehensive General Liability Insurance naming HYATT
CORPORATION as an additional insured on said policy.

31.   That pursuant to the aforementioned Staffing Service
Agreement, third-party defendant HOSPITALITY MARKETING GROUP,
LLC agreed to purchase Comprehensive General Liability Insurance
naming HYATT CORPORATION as an additional insured on said
policy.

32.   If plaintiffs sustained injuries and damages as
alleged in plaintiffs Second Amended Complaint then such were
sustained within the provisions of the aforesaid Staffing
Service Agreement and the terms and conditions provided for
under the insurance obligations of third-party defendant YIPEEE,
INC.

33.   If plaintiffs sustained injuries and damages as
alleged in plaintiffs Second Amended Complaint then such were
sustained within the provisions of the aforesaid Staffing
Service Agreement and the terms and conditions provided for
under the insurance obligations of third-party defendant
HOSPITALITY MARKETING GROUP, LLC.

34.    Upon information and belief, third-party defendant
YIPEEE, INC. failed to procure insurance as required in the
aforementioned Staffing Service Agreement.

35.    Upon information and belief, third-party defendant
HOSPITALITY MARKETING GROUP, LLC failed to procure insurance as
required in the aforementioned Staffing Service Agreement.

36.    That by reason of the foregoing, should any judgment
be recovered against defendant/third-party plaintiff HYATT
CORPORATION by plaintiffs CAROLYN and BILL EPTER, then
defendant/third-party plaintiff HYATT CORPORATION is entitled to
judgment over and against third-party defendant YIPEEE, INC. for
the full amount thereof, plus costs, disbursements and attorneys
fees based upon third-party defendant YIPEEE, INC.'s breach of
contract.

37.    That by reason of the foregoing, should any judgment
be recovered against defendant/third-party plaintiff HYATT
CORPORATION by plaintiffs CAROLYN and BILL EPTER, then
defendant/third-party plaintiff HYATT CORPORATION is entitled to
judgment over and against third-party defendant HOSPITALITY
MARKETING GROUP, LLC for the full amount thereof, plus costs,

-11-

disbursements and attorneys fees based upon third-party defendant MARKETING GROUP, LLC's breach of contract.

WHEREFORE, defendant/third-party plaintiff HYATT CORPORATION demands judgment over and against third-party defendants YIPEEE, INC. and HOSPITALITY MARKETING GROUP, LLC, for all sums that may be adjudged against defendant/third-party plaintiff HYATT CORPORATION in favor of plaintiffs, including costs, disbursements and attorneys fees based upon common-law theories of indemnification and contribution, contractual indemnification and breach of contractual agreement to purchase insurance.

Dated:    New York, New York
          April 29, 2008

                              **JONES HIRSCH CONNORS & BULL P.C.**


By: _____
    Kevin P. O'Keefe, Esq. (KPO-5158)
    Attorneys for Defendant/
    Third-Party Plaintiff
    **HYATT CORPORATION**
    One Battery Park Plaza
    New York, New York  10004
    (212) 527-1000

TO:  **YIPEEE, INC.**
     133 Chartwell Court
     Rochester, New York  14618

-12-

And

9 Desbrasses Street
Suite 519
New York, New York  10013

**Hospitality Marketing Group
   d/b/a Yipeee, Inc.**
35 Worth Street - 4th Floor
New York, New York  10013

**ERIC H. GREEN, ESQ.**
Attorneys for Plaintiffs,
295 Madison Avenue
New York, New York  10017
(212) 532-2450

**HOSPITALITY MARKETING GROUP, LLC**
Third-Party Defendant
35 Worth Street, 4th Floor
New York, New York  10013

**721120**

**EXHIBIT A**

SEP/13/200'/THU 08:28 AM   JHCB ,.                FAX No. 212 527 '  '̣                P. 010/016

SEP-12-2007  16:16       ERIC GREEN & ASSOCIATES              2125320117     P.002/008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

CAROLYN EPTER and BILL EPTER,                    07 Civ. 3781 (CLB)(GAY)

                      Plaintiff,
                                                 SECOND
                                                 AMENDED
                                                 COMPLAINT
          -against-

HYATT CORPORATION,                               PLAINTIFFS DEMAND
                                                 TRIAL BY JURY
                      Defendants.

----------------------------------------------------------x

        Plaintiffs, as and for a Second Amended Complaint, by and through their

attorneys, the law firm of Eric H. Green, respectfully plead as follows:

        1. That plaintiffs Carolyn Epter and Bill Epter are natural persons, and reside at

15 Neustadt Lane, Chappaqua, New York 10514

        2. Upon information and belief, that defendant Hyatt Corporation, is a

Delaware corporation, with its principal place of business located at 200 West Madison Street,

Chicago, Illinois 60606.

        3. That the jurisdiction of this court is based upon diversity of citizenship,

pursuant to Title 28, United States Code, section 1332.

        4. That venue is properly placed in the Southern District of New York, pursuant

to Title 28, United States Code, section 1391, which is where plaintiffs reside, and where

defendant advertises, solicits business, and does business.

        5  That defendant owns, operates, manages and controls many hotels throughout

the United States of America.

6. That defendant owns the Hyatt Regency Jersey City on the Hudson, located at 2 Exchange Place, Jersey City, New Jersey.

7. That defendant operates said Hyatt Regency Jersey City on the Hudson.

8. That defendant manages said Hyatt Regency Jersey City on the Hudson.

9. That defendant controls said Hyatt Regency Jersey City on the Hudson.

## FIRST CLAIM FOR RELIEF

10. That on September 30, 2006, plaintiff Carolyn Epter was lawfully on the premises of the said Hyatt Regency Jersey City on the Hudson, attending a wedding and reception.

11. That on said date and at such place aforesaid, plaintiff Carolyn Epter was caused to fall due to an uneven, sloped surface, that had a foreign substance thereon, that was unprotected from debris and other foreign elements, and defendant was otherwise negligent.

12. That defendant had actual and/or constructive notice of said defective conditions, and failed to remedy same.

13. That defendant actually created said defective conditions.

14. That defendant failed to warn plaintiff and other persons of said defective conditions, through the placement of warning signs, cones, barricades, or similar devices.

15. That plaintiff Carolyn Epter sustained serious and grievous personal injuries.

16. That this occurrence and the injuries sustained by the plaintiff were caused solely and wholly by the negligence of the defendant.

17. That this action falls within one or more of the exceptions set forth in section 1602 of the New York Civil Practice Law & Rules.

<u>SECOND CLAIM FOR RELIEF</u>

18.  That plaintiffs repeat and reiterate paras. 1-17 above.

19.  That plaintiff Bill Epter is the spouse of Carolyn Epter.

20.  That plaintiff Bill Epter has suffered a loss of services.


<u>AD DAMNUM</u>

WHEREFORE, plaintiff Carolyn Epter demands $2 million in compensatory damages on the first claim for relief; plaintiff Bill Epter demands $250,000.00 in compensatory damages on the second claim for relief; and this court should award costs and disbursements, and such other and further relief as to the court seems just and proper.

Dated: September 4, 2007

Respectfully,

ERIC H. GREEN
Attorneys for plaintiffs

By:
        Elliot B. Pasik (ebp 1521)
295 Madison Avenue
New York, New York 10017
(212) 532-2450


<u>PLAINTIFFS DEMAND TRIAL BY JURY</u>

**EXHIBIT B**

C 7 )-15856

JPC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CAROLYN EPTER and BILL EPTER,                  07 Civ. 3781 (CLB)(GAY)

                        Plaintiffs,        **ANSWER TO THE SECOND
                                            AMENDED COMPLAINT**

            -against-

HYATT CORPORATION,

                        Defendant.
------------------------------------X

    Defendant, **HYATT CORPORATION**, by its attorneys, JONES

HIRSCH CONNORS & BULL P.C., as and for its Answer to plaintiffs'

Second Amended Complaint alleges as follows:


    FIRST:    Denies having knowledge or information sufficient

to form a belief as to the allegations contained in paragraph

designated "1".


    SECOND:   Denies the allegations contained in paragraph "2"

in the form alleged, but admits that defendant **HYATT**

**CORPORATION**'s principal place of business is 71 S. Wacker Drive,

Chicago, Illinois.


    THIRD:    Denies the allegations contained in paragraph "3"

in the form alleged and respectfully refers all questions of law

to the Honorable Justice presiding at the trial of this lawsuit.

FOURTH:    Denies the allegations contained in paragraph "4" in the form alleged and respectfully refers all questions of law to the Honorable Justice presiding at the trial of this lawsuit.

FIFTH:    Denies the allegations contained in paragraph "5" in the form alleged.

SIXTH:    Denies, upon information and belief, the allegations contained in paragraph designated "6".

SEVENTH:  Admits the allegations contained in paragraph designated "7".

EIGHTH:   Admits the allegations contained in paragraph designated "8".

NINTH:    Denies the allegations contained in paragraph "9" in the form alleged.

## AS AND FOR ITS ANSWER
## TO THE FIRST CAUSE OF ACTION

TENTH:    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "10".

- 2 -

ELEVENTH: Denies, upon information and belief, the allegations contained in paragraph designated "11".

TWELFTH:  Denies, upon information and belief, the allegations contained in paragraph designated "12".

THIRTEENTH:   Denies, upon information and belief, the allegations contained in paragraph designated "13".

FOURTEENTH:   Denies, upon information and belief, the allegations contained in paragraph designated "14".

FIFTEENTH:   Denies, upon information and belief, the allegations contained in paragraph designated "15".

SIXTEENTH:   Denies, upon information and belief, the allegations contained in paragraph designated "16".

SEVENTEENTH:  Denies, upon information and belief, the allegations contained in paragraph designated "17".

### AS AND FOR ITS ANSWER
### TO THE SECOND CAUSE OF ACTION

EIGHTEENTH:    The defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "17" with the same force and effect as though fully set forth herein in response to paragraph "18".

NINETEENTH:    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "19".

TWENTIETH:    Denies, upon information and belief, the allegations contained in paragraph designated "20".

### AS AND FOR A FIRST, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE, THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-FIRST:  That the damages allegedly suffered by the injured plaintiff were caused in whole or in part by the culpable conduct of the injured plaintiff herself.  The plaintiff's claim is therefore barred or diminished in the

- 4 -

proportion that such culpable conduct of the injured plaintiff

bears to the total culpable conduct causing the damages.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-SECOND: The injured plaintiff, if he may have

sustained any injuries at the time and place, and upon the

occasion mentioned in the Second Amended Complaint, assumed the

risk of sustaining same under the conditions and circumstances

then existing and obvious.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-THIRD:  That any liability to the plaintiffs is

limited by the provisions of Article 16 of the CPLR.

### AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-FOURTH: In the event plaintiffs recover a verdict or

judgment against this defendant, then said verdict or judgment

must be reduced pursuant to CPLR §4545(c) by those amounts which

have been or will, with reasonable certainty, replace or

indemnify plaintiffs in whole or in part, for any past future

claimed economic loss, from any collateral source such as

- 5 -

insurance, social security, Workers' Compensation or employee benefit programs.

### AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-FIFTH:  The negligent acts set forth in plaintiffs' Second Amended Complaint were committed by third parties over which this answering defendant had no control or right of control.

### AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-SIXTH:  Upon information and belief, the law of the State of New Jersey may be applicable to portions of the within action.

### AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-SEVENTH:    Plaintiffs have failed to join as parties one or more persons or entities needed for just and complete adjudication of the matters in controversy.

AS AND FOR AN EIGHTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-EIGHTH: The answering defendant did not create any
defect and/or unsafe condition on the property at issue.

AS AND FOR A NINTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

TWENTY-NINTH: the answering defendant did not have actual
or constructive notice of any defect and/or unsafe condition on
the property at issue.

AS AND FOR A TENTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTIETH:      To the extent that the answering defendant
is deemed to have actual knowledge of any defect and/or unsafe
condition on the property, which the answering defendant
expressly denies, the answering defendant acted reasonably under
all the circumstances with respect to any such defense and/or
unsafe condition.

AS AND FOR AN ELEVENTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTY-FIRST:  To the extent that the answering defendant
is found to have actual or constructive notice of any defect or
unsafe condition on the property at issue, that the answering
defendant did not have the opportunity prior to the time of
plaintiff's claimed injuries to remediate or ameliorate any such
defect and/or unsafe condition on the property in question
before plaintiff's claimed injuries occurred.

AS AND FOR A TWELFTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTY-SECOND: The conditions at and around the property at
issue about which plaintiff complains, constituted open and
obvious hazards against which the answering defendant had no
duty to warn.

AS AND FOR A THIRTEENTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

THIRTY-THIRD:  Any injuries and/or damages complained of
were caused by the unforeseeable, intervening, and/or
superseding acts of third parties who were not under the care,

- 8 -

custody, control, or supervision of any of the answering

defendant and, therefore, none of the answering defendants can

be held liable for plaintiff's alleged injuries and/or damages.

WHEREFORE, defendant, HYATT CORPORATION, demands judgment

dismissing the plaintiffs' Second Amended Complaint against it,

together with the costs and disbursements of this action, and

for any expenses incurred by it in the defense thereof,

including attorneys' fees actually expended.

Dated:      New York, New York
            September 19, 2007

                              JONES HIRSCH CONNORS & BULL P.C.

                    By:   _____
                              James P. Connors, Esq. (JPC-5421)
                              Attorneys for Defendant
                              HYATT CORPORATION
                              One Battery Park Plaza
                              New York, New York  10004
                              (212) 527-1000

TO:   ERIC H. GREEN
      Attorneys for Plaintiffs
      295 Madison Avenue
      New York, New York  10017
      (212) 532-2450

705231

- 9 -